UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERRY TURNER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-1455** |
| **DYNMcDERMOTT PETROLEUM OPERATIONS CO.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* seeking sanctions and an adverse jury instruction (Doc. # 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bifurcate Trial on Issues of Liability and Damages (Doc. #69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's <u>Daubert</u> Motion and Motion to Strike and/or Motion *in Limine* to Exclude the Testimony and Report of Plaintiff's Designated Expert, Geraldine S. Payne (Doc. #71) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #70) is **GRANTED** as to plaintiff's claims that the reduction in his bonus in 2004 and the 2004-2005 audit of the human resources department were retaliatory. The motion for summary judgment is

**DENIED**, as to plaintiff's claim that his termination following Hurricane Katrina was retaliatory because there are genuine issues of material fact that preclude summary judgment.

## BACKGROUND

Plaintiff, Perry Turner, was the human resources director at DynMcDermott Petroleum Operations Company, a government contractor that manages the Strategic Petroleum Reserve. In 2004, plaintiff filed a *qui tam* suit under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq., regarding a subcontractor's overcharging its healthcare costs to DynMcDermott, which resulted in an overcharge to the United States Government. Plaintiff alleges that DynMcDermott retaliated against him by: (1) decreasing his bonus in 2004 by $5,000 from what it was in previous years; (2) conducting an oppressive audit of the human resources department in late 2004 and early 2005; and (3) terminating his employment in September 2005, when he did not timely report to work following Hurricane Katrina.

## ANALYSIS

**A.      Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     False Claims Act Retaliation**

The anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h), provides in pertinent part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in their terms and conditions of employment by his or her employer because of the lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action file or to be filed under this section, shall be entitled to all relief necessary to make the employee whole . . .

To establish a *prima facie* case for retaliation under the FCA, the plaintiff must prove that: (1) he engaged in a behavior protected by the FCA; (2) his employer knew about the protected activity; and (3) the employer retaliated against him because of his protected activity. Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d 176, 186 (3rd Cir. 2001). To sustain a retaliation claim past the summary judgment stage, the plaintiff must offer evidence that he was terminated, at least in part, because of his protected activity. Id.; see also Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd., 227 F.3d 936, 944 (7th Cir. 2002).

If the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the employer to show a legitimate, non-retaliatory reason for the alleged discriminatory action. Id. The

employer's burden is one of production, and it does not have to persuade the court that it was actually motivated by the proffered non-retaliatory reason. U.S. *ex rel.* Gray v. Lockheed Martin Corp., 2010 WL 672017 (E.D. La. 2/19/2010) (citing Texas Dep't of Community Affairs v. Burdine, 101 S.Ct. 1089 (1981)). If the defendant presents a legitimate, non-retaliatory reason for the alleged discriminatory action, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the defendant's stated reason for the action was a pretext for retaliation. Kakeh v. United Planning Organization, Inc., 655 F.Supp.2d 107, 115 (D.D.C. 2009) (citing U.S. *ex rel.* Yesudian v. Howard Univ., 153 F.3d 731, 736 (D.C.Cir. 1998)).

"Behavior does not constitute retaliation under the False Claims Act . . . unless it would be sufficient to constitute an adverse employment action under Title VII." Moore v. California Inst. of Tech. Jet Propulsion Lab., 275 F.3d 838, 848-49 (9th Cir. 2002). An adverse employment action in a retaliation case is an action that a reasonable employee would find materially adverse, which "might have dissuaded a reasonable worker from" engaging in a protected activity. Holloway v. Dept. of Veterans Affairs, 244 Fed. Appx. 556, 567 (5th Cir. 2007) (quoting Burlington N. and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006)). "The standard is an objective one, and 'the significance of any given act of retaliation will often depend upon the particular circumstances.'" Love v. Motiva Enter. LLC, 349 Fed. Appx. 900, 904 (5 th Cir. 2009) (quoting White, 126 S.Ct. at 2415). However, "'petty slights, minor annoyances, and simple lack of good manners'" are not actionable retaliatory conduct. Stewart v. Mississippi Transp. Com'n, 586 F.3d 321, 332 (5th Cir. 2009) (quoting White, 126 S.Ct. at 2415).

### 1.     Bonus

Plaintiff claims that his discretionary bonus was $5,000 less in 2004 than it was in previous years, and that this reduction was retaliatory. However, plaintiff received nearly a $5,000 raise in 2005. "The denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary." Tyler v. Ispat Inland Inc., 245 F.3d 969, 972 (7th Cir. 2001). Therefore, plaintiff has not stated a claim for retaliation regarding the reduction in his bonus in 2004.

### 2.     Audit

Plaintiff contends that the audit of the human resources department in 2005 was retaliatory. An audit of an employee's job performance can be grounds for a retaliation claim. Greene v. FedEx Kinko's Inc., 2007 WL 2915436 (9th Cir. 10/4/2007) (citing White, 126 S.Ct. at 2415-16). However, the 2004-2005 audit of the human resources department and plaintiff's performance as its director was not performed in retaliation for plaintiff's filing a *qui tam* suit. The audit was performed at the request of the Chief Financial Officer and Director of Finance, after she received complaints from the finance department employees regarding the job performance of the human resources department employees. Further, an outside accounting firm was hired to assist in the audit because of a shortage of employees in defendant's audit department. The audit did not result in any reprimand or discipline to plaintiff, and he actually agreed with the report. Thus, a reasonable employee would not view the audit as a materially adverse employment action, and defendant is entitled to summary judgment on plaintiff's claim that the audit was retaliatory.

### 3.     Termination

Plaintiff was terminated by DynMcDermott in September 2005.  DynMcDermott contends that plaintiff was terminated because he was the only director who failed to report to work following Hurricane Katrina.  Plaintiff argues that his non-reporting was a pretext, and that he was actually terminated in retaliation for filing the *qui tam* suit.  There are contested issues of material fact that preclude summary judgment on this issue.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* seeking sanctions and an adverse jury instruction (Doc. # 67) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bifurcate Trial on Issues of Liability and Damages (Doc. #69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Daubert Motion and Motion to Strike and/or Motion *in Limine* to Exclude the Testimony and Report of Plaintiff's Designated Expert, Geraldine S. Payne (Doc. #71) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #70) is **GRANTED** as to plaintiff's claims that the reduction in his bonus in 2004 and the 2004-2005 audit of the human resources department were retaliatory.  The motion for summary judgment is **DENIED**, as to plaintiff's claim that his termination following Hurricane Katrina was retaliatory because there are genuine issues of material fact that preclude summary judgment.

New Orleans, Louisiana, this  21st  day of October, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**