UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PERRY TURNER** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION NO. 06-1455** |
| | * | |
| **DYNMcDERMOTT PETROLEUM** | * | **SECTION S** |
| **OPERATIONS COMPANY** | * | |
| | * | **MAGISTRATE 1** |
| *   *   *   *   *   * | * | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

NOW INTO COURT, through undersigned counsel, comes Defendant DynMcDermott Petroleum Operations Company (hereafter "DynMcDermott" or "Defendant"), which in accordance with this Court's Minute Entry issued on October 15, 2010, proposes the attached Proposed Jury Instructions for the trial of this matter, set on November 1, 2010.

Respectfully submitted,

 */s/ Jennifer F. Kogos*
Cornelius R. Heusel, T.A. (La. # 06849)
Pauline F. Hardin (La. # 06542)
Jennifer F. Kogos (La. #25668)
David Theard (La #31987)
JONES, WALKER, WAECHTER,
 POITEVENT, CARRÉRE & DENÉGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8015
Email: nheusel@joneswalker.com

{N2217173.1}

1

phardin@joneswalker.com
jkogos@joneswalker.com
dtheard@joneswalker.com

**Attorneys for Defendant,
DynMcDermott Petroleum Operations Company**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 22, 2010, the foregoing *Defendant's Proposed Jury Instructions* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph N. Mole
Frilot, L.L.C.
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3600

　　　　　　　　　　　　　　　　*/s/ Jennifer F. Kogos*

{N2217173.1}

## **DEFENDANT'S JURY INSTRUCTION NO. 1**

## **Burden of Proof (Generally)**

In this case, the Plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.[1]

---

[1] Fifth Circuit Pattern Instructions (Civil), § 2.20 (2006).

## DEFENDANT'S JURY INSTRUCTION NO. 2

## Bias – Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

---

[2] Fifth Circuit Pattern Instructions (Civil), § 2.13 (2006).

{N2217173.1}

## **DEFENDANT'S JURY INSTRUCTION NO. 3**

### **Sympathy**

As a member of this jury you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to a civil suit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict. [3]

---

[3] L. Sand, et al, <u>Modern Federal Jury Instructions</u>, § 71- 10.

{N2217173.1}

5

## **DEFENDANT'S JURY INSTRUCTION NO. 4**

### **Credibility of Witnesses**

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In deciding the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that a some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. [4]

---

[4] Fifth Circuit Pattern Instructions (Civil), § 3.1 (2006).

{N2217173.1}

## DEFENDANT'S JURY INSTRUCTION NO. 5

## False Claims Act ("Qui Tam") Retaliation

Plaintiff claims that Defendant retaliated, that is, took revenge against him because he took acts in furtherance of a False Claims Act lawsuit.  Specifically, Plaintiff contends he was fired by Defendant because he participated in filing a False Claims Act lawsuit against Pinkerton Government Services ("PGS"), a subcontractor of Defendant.

In order to establish the claim of False Claims Act retaliation, Plaintiff must prove by a preponderance of the evidence:

First:      Plaintiff took acts in furtherance of a False Claims Act suit;

Second:     Defendant knew of these acts; and

Third:      Defendant retaliated against him because of these acts.[5]

Even if Plaintiff can establish these elements of his retaliation claim, Plaintiff's claim fails if Defendant can show that it had legitimate, nonretaliatory reasons for terminating Plaintiff's employment.[6]

If Defendant shows that it had legitimate, nonretaliatory reasons for terminating Plaintiff's employment, then Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not its true reasons, but were a pretext for retaliation.[7]  Plaintiff has the burden of proving that "but for" or "except for" the retaliatory purpose he would not have been terminated.[8]

---

[5] *U.S. ex rel. Girabaldi v. Orleans Parish School Bd.*, 21 F. Supp. 2d 607, 617 (E.D. La. 1998).

[6] *Robertson v. Bell Helicopter Textron, Inc.*, 32 F. 3d 948, 951 (5th Cir. 1994); *U.S. ex rel Gray v. Lockheed Martin Corp.*, 2010 WL 672017 (E.D. La. 2/19/2010).

[7] *Robertson v. Bell Helicopter Textron, Inc.*, 32 F. 3d 948, 952 (5th Cir. 1994); U.*S. ex rel Gray v. Lockheed Martin Corp.*, 2010 WL 672017 (E.D. La. 2/19/2010).

[8] *Septimus v. The Univ. of Houston*, 399 F. 3d 601, 608 (5th Cir. 2005).

{N2217173.1}

## DEFENDANT'S JURY INSTRUCTION NO. 6

## The Jury Cannot Substitute Its Judgment for That of Management

You are not to be influenced by whether or not you believe Defendant's decisions were correct or fair.  An employer is entitled to make its own subjective judgments in conducting its business.  You may not substitute your judgment for that of Defendant even though you may have acted differently or arrived at a different decision.  It is not your responsibility to decide whether or not Defendant used correct methods, made correct business decisions, or even made fair decisions.  An employment decision may be unfair yet not be evidence of discrimination or retaliation under the law.  You are simply to decide whether or not Defendant violated the law as I have explained it to you.[9]

---

[9] *LeMaire v. Louisiana Dept. of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

## DEFENDANT'S JURY INSTRUCTION NO. 7

### Conclusions or Speculation Are Not Enough to Prove Retaliation

A plaintiff's subjective belief of retaliation, however genuine, cannot be the basis of a finding that unlawful retaliation occurred. Personal beliefs, conjecture, and speculation do not justify an inference of unlawful retaliation. Plaintiff must produce evidence, other than his own opinion or speculation, that would lead you to reasonably conclude that, more likely than not, he was retaliated against due to his engagement in protected activity.[10]

---

[10] *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000).

**DEFENDANT'S JURY INSTRUCTION NO. 8**

**Liability versus Damages**

The Court instructs you that there are two separate questions to be decided in this case regarding Plaintiff's claims:

First, the question of whether Plaintiff has proven any of his claims by a preponderance of the evidence.

Second, if Defendant is liable to Plaintiff, the question of the amount, if any, of Plaintiff's damages caused by Defendant's conduct.

These questions are separate and distinct, and in reaching your verdict, you must first consider the question of liability. <u>Only</u> if you find by the preponderance of the evidence that Defendant is liable to Plaintiff can you consider the question of damages. It is not proper for you to compromise your verdict between questions of liability and damages. Therefore, if you find that Defendant is not liable to Plaintiff, you must return a verdict in favor of Defendant without regard to what Plaintiff's damages may be.[11]

---

[11] Fifth Circuit Pattern Instructions (Civil), §§ 2.22; 15.1 (2006).

## **DEFENDANT'S JURY INSTRUCTION NO. 9**

### **Compensatory Damages**

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for compensatory damages Plaintiff suffered due to his discharge. Compensatory damages are damages for any pain and suffering, mental anguish, shock, and discomfort Plaintiff proved he suffered because he proved Defendant unlawfully discharged him. The purpose of compensatory damages is to make Plaintiff whole – that is, to compensate Plaintiff for the emotional damage that Plaintiff has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. The compensatory damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[12]

---

[12] Fifth Circuit Pattern Instructions (Civil), § 15.2 (2006).

{N2217173.1}

11

## **DEFENDANT'S JURY INSTRUCTION NO. 10**

### **Mitigation of Damages**

(To be used only if the Court decides to submit the back pay claim to the jury.)

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendant has the burden of proving the damages which Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant has satisfied his burden of proving that Plaintiff's conduct was not reasonable.[13]

---

[13] Fifth Circuit Pattern Jury Instructions (Civil), § 15.15 (2006).