# PLAINTIFF'S PROPOSED JURY CHARGES

# PLAINTIFF'S JURY CHARGE NO. 1

Plaintiff Perry Turner claims he was terminated by his employer, DynMcDermott, because he filed a federal False Claims Act lawsuit against Pinkerton Government Services. The False Claims Act encourages private persons to file such lawsuits when they have a good faith belief that a false or fraudulent claim has been made for payment by the United States Government, or any of its agencies. The False Claims Act prohibits an employer from retaliating against an employee for filing a claim to challenge fraud against the government. Employees filing suit under the False Claims Act are protected, whether the suit is successful or not.

DynMcDermott denies Plaintiff's claim and contends that Perry Turner was fired because he did not contact DynMcDermott within 72 hours of Hurricane Katrina, pursuant to DynMcDermott's Job Abandonment Policy.

31 U.S.C. §3730(h);

U.S. *ex rel.* Yesudian v. Howard University, 153 F.3d 731, 741-42 (D.C. Cir. 1998);

United States *ex rel.* Brinlee v. Aecom Government Services, Inc., 2007 WL 1232205 (W.D. La.);

United States *ex rel* Bustamante v. United Way/Crusade of Mercy, Inc., 2000 WL 690250, p. 6 (N.D. Ill.).

# **PLAINTIFF'S JURY CHARGE NO. 2**

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the False Claims Act.

To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse employment action against him because he engaged in protected activity.

Protected activity includes investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under the False Claims Act.

Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant terminated Plaintiff.

If you disbelieve the reasons Defendant has given for its decision, you may infer DynMcDermott terminated Plaintiff because he engaged in protected activity.

Adopted from and based on: 11.6.1 Title VII – Retaliation, <u>Federal Jury Practice and Instructions: Fifth Circuit, Civil Cases</u>.

# **PLAINTIFF'S JURY CHARGE NO. 3**

If you find that Defendant violated the False Claims Act, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

Under the False Claims Act, a wrongfully discharged employee is entitled to all relief necessary to make him whole. Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence rather than speculation or guesswork. However, Plaintiff's evidence need not be mathematically precise, its accuracy must be determined by the circumstances.

You should consider the following elements of damages: (1) economic loss, which includes back pay and benefits; (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses'; and (3) future damages.

Back pay and benefits include the total amount Plaintiff would have earned had he remained an employee of DynMcDermott, including fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits Plaintiff received in the interim.

Defendant asserts that Plaintiff failed to mitigate his damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

3

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.

Adopted from and based on: 11.8 Title VII and ADA Cases, <u>Federal Jury Practice and Instructions: Fifth Circuit, Civil Cases</u>.

# **PLAINTIFF'S JURY CHARGE NO. 4**

Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future lost earnings, then you must determine the present worth in dollars of such future damages.

If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment.  You must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future.

However, you must not make any adjustment to present value for any damages you may award for future mental anguish.

Adopted from and based on:  15.3 Calculation of Past and Future Damages, <u>Federal Jury Practice and Instructions:  Fifth Circuit, Civil Cases</u>.